## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN LEE GODFREY, SR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00454 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER FAULKNER, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Allen Lee Godfrey, Sr., a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims which arose during his arrest by Roanoke City police officers. Godfrey names Sgt. Anderson, a Roanoke City police officer, as one of the defendants to this action and alleges that Sgt. Anderson failed to protect him from the excessive force used on Godfrey by other Roanoke City police officers. Sgt. Anderson has moved to dismiss and Godfrey has responded. After reviewing the record, I find that Godfrey has stated a plausible claim against Sgt. Anderson and, therefore, will deny Sgt. Anderson's motion to dismiss.

### I.

Godfrey alleges that while several Roanoke City police officers were using excessive force to arrest him, Sgt. Anderson was present at the scene of the arrest and failed to stop or prevent the "mistreatment/abuse." Godfrey also alleges that, while he was being subjected to the excessive force, he "scream[ed] out loudly in agonizing pain," "yell[ed] the entire time for the officers to stop," and "begged [other officers] for help." Godfrey's yells and screams were so loud that they attracted the attention of people who were shopping nearby.

### II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id*., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (*quoting Loe v. Armistead*, 582 F.2d 1291, 1295 (4th

2

Cir. 1978)).  Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  "A *pro se* plaintiff still must allege facts that state a cause of action."  *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (*quoting Sado v. Leland Memorial Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.

Under the theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."  *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002).  In his complaint, Godfrey alleges that Sgt. Anderson was present at the scene of Godfrey's arrest, that other police officers were using excessive force during the arrest, and that Sgt. Anderson failed to stop the other police officers from using the excessive force, despite Godfrey's pleas for help.  Accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of Godfrey, including that Sgt. Anderson knew that the other police officers were using excessive force, I find that Godfrey has stated a plausible claim of bystander liability against Sgt. Anderson.  Accordingly, I will deny Sgt. Anderson's motion to dismiss.

ENTER: This 3rd of September, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3