IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN LEE GODFREY, SR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00454 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER FAULKNER, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Allen Lee Godfrey, Sr., a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims which arose during his arrest by Roanoke City Police Department staff. Godfrey names the Roanoke City Police Department (the "Police Department") as one of the defendants to this action. The Police Department has moved to dismiss and Godfrey has responded. After reviewing the record, I find that Godfrey has failed to state a claim against the Police Department and, therefore, will grant the Police Department's motion to dismiss.

## I.

Godfrey alleges that various Roanoke City police officers used excessive force while arresting him and that other officers failed to protect him from the excessive force. Godfrey also alleges that the Police Department was "indifferen[t]." Godfrey makes no other allegations against the Police Department in his complaint. In a second response to the Police Department's motion to dismiss, and not as an amendment to his complaint, Godfrey alleges, for the first time, that the City of Roanoke "has allowed its police department along with several of its police officers and their command staff to get out of control and go undisciplined" and that it "also acted deliberately indifferent by failing to acknowledge, investigate, train, supervise, and discipline their officers for the growing problem of excessive force and its widespread use by the

Roanoke City Police Department, several of its officers, along with their command staff." In support of these allegations, Godfrey states that Roanoke City has "long been aware of misconduct in the form of excessive force/police brutality by its police department, several of its officers, and their command staff but it has [gone] unchecked/not investigated and undisciplined which [he is] sure can be seen th[rough] the statistics, etc." Godfrey states that "there's even video footage available" that "can be seen on the internet via YouTube."[1]

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id*., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v.*

---

[1] Godfrey states that the video footage can be found by searching for "Police Misconduct in Rke" on www.YouTube.com. Having done that search, only one relevant video, posted seven years ago, results. *See* Police Misconduct in Roanoke, Virginia, YOUTUBE, https://www.youtube.com/watch?v=Dsh_MPSnQZE (last visited Aug. 26, 2014).

*Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (*quoting Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (*quoting Sado v. Leland Memorial Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.

Under § 1983, "a municipality can be liable only when the municipality itself, through one of its policies or customs, causes the constitutional violation; municipal liability cannot be premised on *respondeat superior* or vicarious liability." *Buffington v. Baltimore Cnty., Md.*, 913

3

F.2d 113, 122 (4th Cir. 1990), *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). "It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality" because "Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404, 415 (1997). A plaintiff seeking to impose § 1983 liability on a municipality must identify a municipal "policy" or "custom" that caused the plaintiff's injuries. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978). A municipality is not liable for mere "isolated incidents of unconstitutional conduct by subordinate employees . . . . Rather, there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice." *Lytle v. Doyle*, 326 F.3d 463, (4th Cir. 2003) (quotations and citations omitted). Here, Godfrey offers only summary legal conclusions in support of his claim against the City, which amount to, at most, "nothing more than a 'formulaic recitation of the elements'" and are inadequate to support a § 1983 municipal liability claim. *Iqbal*, 556 U.S. at 680-81. Godfrey has failed to specify a policy or custom or any affirmative decision of policy making individuals that might serve as a basis for municipal liability. Accordingly, I find that Godfrey has failed to state a federal claim against the Police Department and, therefore, I will grant the Police Department's motion to dismiss.

   ENTER: This 4th day of September, 2014.

                  /s/ Norman K. Moon
                  NORMAN K. MOON
                  UNITED STATES DISTRICT JUDGE