IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALLEN LEE GODFREY, SR.,** | ) | CASE NO. 7:13CV00454 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **OFFICER D. R. FAULKNER,** *et al.* | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Defendants. | ) | |

Allen Lee Godfrey, Sr., a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that before and during his arrest in a Roanoke Kroger store parking lot on the night of December 30, 2011, and in the early morning hours of December 31, 2011, several officers employed by the Roanoke City Police Department ("RCPD") used excessive force against him or failed to intervene to prevent such force. Godfrey also alleges that the police chief knew or should have known that the RCPD had a custom or practice of using excessive force against citizens and failed to prevent it. Chief Chris Perkins has filed a motion to dismiss, to which Godfrey has responded. Upon review of the record,[1] I find that Perkins' motion must be granted. For similar reasons, I will also deny Godfrey's motions seeking to reinstate and amend claims against the RCPD itself and former police chief, Joe Gaskins, and to add claims against the City of Roanoke.

## I. ALLEGATIONS

In his complaint, Godfrey alleges that former RCPD Chief Gaskins should be liable for the alleged constitutional violations against Godfrey by RCPD officers. Godfrey asserts that the

---

[1] I note that Godfrey has peppered the court with a multitude of motions, and both parties have submitted numerous responses and replies unnecessary to, and a complication to, the efficient disposition of the essential matters in the case. Other pending motions, including the motions for summary judgment by the other defendants, will be separately addressed.

sort of police misconduct alleged in this lawsuit is a "growing problem here in the Roanoke Valley," to which Chief Gaskins and his department have been indifferent. He asserts that the chief and other "command staff" knew about and "covered up" the officers' alleged abuse of Godfrey. After being presented with evidence that Gaskins retired in June 2011, more than five months before the incident at issue in this lawsuit, Godfrey moved to amend (which the court granted) to add Chief Perkins as a defendant in Gaskins' place.

In addition to his complaint, Godfrey has submitted several documents asserting that Gaskins and Perkins, the RCPD, and the city should be held liable to him under § 1983.[2] Godfrey states, generally, that RCPD policies and training on the use of force, maintenance of in-car video equipment, and investigation and discipline of officers who use force are all somehow deficient, which has "caused" a "growing and unchecked" number of incidents of excessive force by RCPD officers. He also avers that the department routinely covers up uses of force by its officers through fraudulent manipulation or withholding of police car video footage. Specifically, he mentions one video of Roanoke City police officers' interactions with a suspect named Poindexter that was posted on YouTube under the heading "Police misconduct in Roanoke,"[3] which was allegedly edited before police turned over the footage to the defendant's attorney. Godfrey asserts that other such video footage and information is available in public media and that he is "sure statistics" will bear out his accusations. Finally, he demands to be allowed to engage in discovery regarding these matters. He asks the court to launch an investigation, check statistics on excessive force use by RCPD officers, and order "a forensic expert to examine all available video/audio footage from the police cars cam[eras] along with the Kroger video." He asserts that with such discovery and court assistance, he would "probably"

---

[2] (*See, e.g.,* Docket Nos. 60, 68, 69, 75, 86, 91, 103, & 108.)

[3] (Mem. Supp. 4, Docket No. 60; Transc. 6, Mar. 7, 2011, Docket No. 69.)

discover evidence to support his claims against the chief, the former chief, the RCPD, and the city.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "[T]he complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations and citations omitted). While the court must view the alleged *facts* in the light most favorable to the plaintiff, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (internal quotations and citations omitted) (emphasis added). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A claim is plausible *if* the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and *if* there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

As stated, Godfrey is proceeding *pro se*. Federal courts have an obligation to construe *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). This requirement of liberal construction does not mean, however, that the court can ignore a failure to allege sufficient facts to set forth a cognizable federal claim for relief. *Weller v. Dep't of Social Servs.*,

3

901 F.2d 387, 391 (4th Cir. 1990) (finding no obligation for court to allow development of a claim for which the *pro se* litigant's "complaint fails to allege anything that even remotely suggests a factual basis").

### III. DISCUSSION

### A. Chief Perkins' Motion to Dismiss

Among other things, Chief Perkins argues that Godfrey's submissions fail to present sufficient facts to state any actionable § 1983 claim against him. I agree.

Godfrey cannot hold Perkins liable for a deprivation of constitutional rights by his subordinates without stating some facts showing Perkins' personal involvement in the alleged deprivations. *See Ashcroft*, 556 U.S. at 676 (finding *respondeat superior* theory inapplicable under § 1983); *Danser v. Stansberry*, 772 F.3d 340, 349 (4th Cir. 2014) (noting in civil rights action, "liability may be imposed based only on an official's own conduct") (citations omitted). Godfrey does not state facts showing any respect in which Perkins was personally present or otherwise directly involved in the excessive force incident in December 2011.

Therefore, to state a claim against Perkins, Godfrey must present facts showing:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices,; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation and citations omitted). The plaintiff must present *facts* sufficient to show "that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.* (citation omitted).

4

Godfrey's submissions are devoid of facts on which he could make any of these required showings to state a claim against Perkins. Other than his own allegations of the December 2011 incident, Godfrey mentions one specific video recording from 2007. He alleges that the video shows police misconduct, but fails to point to any legal finding that the incident involved constitutional violations. Godfrey also refers to problems with in-car video equipment and police handling of video footage in two or three cases, including his own. These isolated instances of alleged misconduct or deficiencies involving equipment and handling of evidence cannot support a finding under *Shaw* that Perkins knew of past conduct showing a "pervasive and unreasonable risk" that his officers would commit constitutional injuries against citizens. Godfrey's sweeping generalizations of past police misconduct in Roanoke, without any facts to support such statements, do not themselves qualify as "facts," and I need not accept them as true.

Moreover, Godfrey fails to state facts suggesting that any action or inaction by Perkins *caused* the violations he alleges against the other defendants. Again, I have no obligation to accept as true Godfrey's unsupported conclusions that unspecified deficiencies in RCPD training, investigation, or disciplinary practices played some unidentified role in causing the officers to act as they did during his arrest in December 2011. For the stated reasons, I find that Godfrey has failed to state sufficient factual matter supporting any plausible claim under § 1983 against Perkins worthy of further development through discovery. Given this basic deficiency in Godfrey's pleadings, including his many responses and attempted amendments, I must grant Perkins' motion to dismiss and will not permit reinstatement of any claim against Perkins' predecessor, former Chief Gaskins.

### B. Municipal Liability

As stated, Godfrey also moves for reconsideration of my prior order dismissing all claims against the police department and seeks to add claims against the city. I must summarily deny these motions.

Under § 1983, "a municipality [or one of its departments] can be liable only when the municipality itself, through one of its policies or customs, causes the constitutional violation." *Buffington v. Baltimore Cnty., Md.,* 913 F.2d 113, 122 (4th Cir. 1990). Plaintiff must identify "numerous particular instances of unconstitutional conduct in order to establish a custom or practice." *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003) (quotations and citation omitted). Even considering all of his submissions as a whole, Godfrey offers nothing more than summary legal conclusions in support of his claims against the RCPD and the city. Such a "formulaic recitation of the elements" is inadequate to support a § 1983 municipal liability claim. *Iqbal*, 556 U.S. at 680-81. Godfrey has failed to specify a policy or custom or any affirmative decision of policy making individuals that might serve as a basis for municipal liability. Accordingly, I find that he has failed to state a federal claim against the department or the city and must deny his motions seeking to reinstate or add such claims to this action. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 22nd day of January, 2015.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE