IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ALLEN LEE GODFREY, SR.** | ) |
| | ) Case No. 7:13CV00454 |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| | ) |
| **OFFICER D. R. FAULKNER, ET AL.,** | ) By: Norman K. Moon |
| | ) United States District Judge |
| Defendants. | ) |
| | ) |

After review of the record, it is now **ORDERED** as follows:

1. Defendants' objection and request for reconsideration (Docket No. 145) is **OVERRULED**. After I denied summary judgment for some defendants and allowed pretrial discovery, I granted plaintiff's motion to amend to substitute Officer Collins of the Roanoke City Police Department for the John Doe defendant in the complaint who allegedly pulled off plaintiff's pants after he was in handcuffs. Defendants assert, with no reference to evidence in the record, that plaintiff had no factual basis for naming Collins as a defendant, because Collins did not arrive at the scene of arrest until after plaintiff was "in custody." I find no merit to defendants' objection to the amendment.

2. Defendants' motion for clarification of the issues to be set for trial (Docket No. 146) is **DENIED**. Defendants express concern that I did not address plaintiff's claims that Officer Faulkner did not have probable cause to question Godfrey, to pull him from his truck, or to arrest him. I find no such claims asserted in Godfrey's complaint.

3. Godfrey's motions for appointment of counsel (Docket Nos. 130 & 136) are **DENIED**. "[A] § 1983 litigant has no right to appointed counsel . . . ."[1] *McMillian v. Wake Cnty. Sheriff's Dep't*, 399 F. App'x 824, 829 (4th Cir. 2010) (unpublished) (citing *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968)). Nevertheless, a district court may appoint counsel when "'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Id.* (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)). Plaintiff states that he needs counsel to conduct pretrial discovery under the timeline set in the pretrial scheduling order, to choose and to cross-examine defendants' witnesses. I find from review of plaintiff's pleadings and motions, however, that plaintiff has the capacity to present his case, which rests on the parties' differing versions of what happened on the night of plaintiff's arrest. If plaintiff believes that he needs a reasonable extension of time to prepare for trial, he may so move. I will address separately plaintiff's motion for preparation of subpoenas.

4. Plaintiff's motion for an "MRI" (Docket No. 150) for use as evidence at trial is **DENIED**. This motion asks the court to direct state prison officials to arrange for plaintiff to have a "designated medical examiner/expert to conduct a[n] MRI/Full body scan on plaintiffs back, left shoulder and both wrists, so plaintiff can present these findings to the jury." Plaintiff's right to access the court does not encompass a right to require the court, the federal government, state prison

---

[1] Plaintiff claims a right to counsel under Rule 6(a) of the Rules Governing § 2254 Cases, which requires the court to appoint counsel for petitioner when a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is set for an evidentiary hearing. This rule has no application to plaintiff, who is pursuing a civil action under 42 U.S.C. § 1983, rather than a habeas corpus action.

officials, or defendants to fund the costs of obtaining evidence plaintiff wishes to develop to support his case. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogation on other grounds recognized by L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007) (noting that plaintiff's right of access to the courts does not obligate "a court to grant every party a perfect trial in all aspects").

The Clerk is directed to send a copy of this order to plaintiff and to counsel of record for defendants.

**ENTER:** This 14th day of April, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE