IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ALLEN LEE GODFREY** | ) |
| | ) Case No. 7:13CV00454 |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **OFFICR D. R. FAULKNER, ET AL.**, | ) By: Norman K. Moon |
| | ) United States District Judge |
| Defendant(s). | ) |

This closed matter is before me on post-judgment motions from the plaintiff, Allen Lee Godfrey, seeking free copies of the civil trial transcript; discovery and a forensic examination of all audio-visual footage involved in this civil case and his related, state court criminal proceedings; and appointment of counsel. Godfrey states that he is entitled to the requested items and services "in Anticipation of Rule 60B Motion and State and/or Federal Habeas Corpus Proceedings." Godfrey also contends that as presiding judge, I "assisted the defense" during the trial and, for that reason, another judge should decide Godfrey's pending motions. Finding no merit to any of Godfrey's motions, I must deny them.

Godfrey, a Virginia inmate proceeding *pro se*, filed and prosecuted this civil rights action under 42 U.S.C. § 1983. He maintained, among other things, that police officers had used excessive force against him during his arrest in a Kroger parking lot on December 30-31, 2011. In January 2015, I denied defendants' motions for summary judgment on Godfrey's Fourth Amendment claims of excessive force and bystander liability, and the matter proceeded to a jury

trial in July 2015.[1] On the claims presented, the jury found in favor of Defendants Faulkner, McNiff, Loureiro, Ratcliffe, and Anderson. Pursuant to the jury's verdict, I entered judgment for these defendants on August 3, 2015. Godfrey did not note an appeal from this judgment. *See* Fed. R. App. P. 4(a)(1)(A) (setting 30 days to note appeal from civil judgment). Godfrey signed and dated his current motions on April 11, 2016.

I must first address Godfrey's contention that another judge should rule on his motions because I have allegedly expressed bias against him. I construe this contention as a request for recusal. A judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). To disqualify a judge from continuing to preside, the "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" *id.* at 573 (quoting *Liteky*, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555). "Likewise, judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Belue*, 640 F.3d at 573 (quoting *Liteky*, 510 U.S. at 555).

I have no personal bias or prejudice against Godfrey, and indeed, I have no personal knowledge of him outside the proceedings of this case. Moreover, Godfrey's motion fails to

---

[1] After the court was unable to accomplish service on Defendant Collins, I severed Godfrey's claims against this defendant, granted Godfrey additional time to accomplish service on Collins, and set his claims against the other defendants for a jury trial. Godfrey failed to serve Collins within the allotted additional time, however, so I dismissed all claims against Collins and struck the case from the court's active docket by order entered November 24, 2015.

2

present any particular ruling or statement I made during the trial on which he bases his bald allegation that I harbored or "display[ed] a deep-seated favoritism or antagonism" toward him or any of the witnesses, so as to suggest I did not decide the issues with impartiality, based on the law. Accordingly, I must deny Godfrey's request that I recuse myself from ruling on his motions.

As for his motions themselves, I must deny them because this case is closed. Godfrey now contends, based on various previously and newly stated allegations, that not all video footage available was produced to him during discovery in the civil proceedings. He also asserts broadly that defense counsel did not comply with discovery rules and orders and that defendants committed perjury that would be exposed through a forensic examination of the time signatures on all video footage from both his criminal and civil proceedings.

Godfrey fails to demonstrate, however, that he could not have raised these issues before or during trial. If not satisfied with the court's rulings on these issues, he could then have pursued an appeal. Godfrey forfeited this opportunity for review, however, when he failed to file an appeal within the time allotted by law. *See* Fed. R. App. P. 4(a) (setting 30 days from entry of civil judgment to note appeal). Any appeal he pursued at this point would be dismissed as untimely, without any review of substantive matters. Godfrey cannot resurrect appeal issues, or seek discovery or counsel, merely by suggesting an "anticipated" motion for reconsideration under Rule 60(b). Moreover, while he may, in the future, file a petition or a writ of habeas corpus under 28 U.S.C. § 2254, with regard to the state court criminal proceedings, no such habeas proceeding is currently pending. In any event, any motion for discovery or appointment of counsel related to possible habeas claims is not properly raised or addressed in this fully closed civil action.

Finally, I find no ground to grant Godfrey's motion for a transcript of the civil jury trial at government expense, based merely on his *in forma pauperis* status. "The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, *see* 28 U.S.C. § 1915(a), and allows for payment by the United States of the expenses of 'printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court,' and of 'preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court.'" *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993) (quoting 28 U.S.C. § 1915(c)). For appeal purposes, the court will grant a civil litigant a transcript at government expense only if court finds that his pending appeal "is not frivolous (but presents a substantial question)." *See* 28 U.S.C. § 753(f).

As stated, Godfrey has forfeited any right to pursue a direct appeal of any legal issues related to the trial of this case for which he might have obtained a transcript at government expense.[2] Thus, if Godfrey wishes to obtain a transcription of his jury trial, like other civil litigants, he and not the government must bear that litigation cost.

For the reasons stated, I must deny Godfrey's pending, post-judgment motions.

**ENTER:** This 29th day of June, 2016.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] In any event, Godfrey has not presented a substantial question for appeal here. He presented extensive video evidence to jurors and questioned witnesses about why additional video was not available, but jurors found defense witnesses' testimony about events to be more credible than Godfrey's evidence and ruled against him. *See, e.g., Vodrey v. Golden*, 864 F.2d 28, 30 n. 4 (4th Cir. 1988) (noting that facts the jury determined at trial are not reviewable on appeal, if supported by "any substantial evidence") (quoting *Evington v. Forbes*, 742 F.2d 834, 835 (4th Cir. 1984)). Moreover, having reviewed pretrial rulings the docket and minutes and notes from the trial, particularly regarding video matters, I am satisfied that Godfrey had no substantial issue for appeal.